## JURY v. DAY.

1. **Tax Sale**: VALIDITY OF: PRINCIPAL AND AGENT. The fact that an agent at tax sale purchases land upon which he holds a mortgage, and is, therefore, entitled to pay the taxes, will not render the title acquired by his principal invalid.

2. ——: ——: ——. Neither will the fact that both principal and agent are present and bid at the same tax sale render their purchases thereat invalid.

*Appeal from Poweshiek District Court.*

TUESDAY, OCTOBER 19.

THIS is an action in equity to set aside the defendant's tax title to certain lands. The petition in substance alleges, *First.* That one A. W. Ballard, whilst he was the owner of the premises in controversy, and under obligation to pay the taxes thereon, purchased the land at the treasurer's sale for delinquent taxes, and assigned the certificate of purchase to the defendant, who had full knowledge of all the facts.

*Second.* That for the purpose of preventing competition at the tax sale, the defendant attended in person, and also hired A. W. Ballard to attend the tax sale, and purchase land as his agent, and that Ballard as such agent attended the sale and purchased the land in question, and assigned the certificate of purchase to the defendant.

The court decreed that the defendant's tax deed be set aside, and that the defendant recover the taxes, costs and interest paid by himself and by his assignor, amounting to $75.50. The defendant appeals.

*A. W. Ballard* and *Barcroft, Given & McCaughan,* for appellant.

*W. R. Lewis,* for appellee.

DAY, J.—The facts in this case are substantially as follows: The land in controversy was originally owned by John H. Hepp. A. W. Ballard is an attorney at law, at Montezuma. In 1868, the plaintiff sent Ballard a claim against John Hepp, amounting to $400, upon which Ballard abtained judgment. About the same time Ballard received from Craver, Steel & Co., a mechanic's lien upon the buildings on said premises, which he foreclosed. Upon execution issued under the mechanic's lien foreclosure, the property was sold, and purchased by Ballard as the attorney for plaintiff, but Ballard took the title in his own name because he advanced the money to pay off the mechanic's lien judgment.

1. TAX SALE: validity of: principal and agent.

Afterward, July 9th, 1870, Ballard executed to Margaret Hepp, the wife of John Hepp, a bond for a deed for the premises, one of the conditions being that the obligee should pay all the taxes thereafter to accrue thereon.

On the 30th of December, 1870, Ballard executed to Margaret Hepp a deed for the premises, warranting the title except as to taxes and tax titles; and at the same time Margaret

Hepp and her husband executed to Ballard a mortgage thereon, to secure the purchase money.

Whilst the title remained in this situation the property was, on the 6th day of November, 1871, sold for the delin-quent taxes of 1870. At this sale Ballard, as the agent of the defendant, bid in the property, and took the certificate in his own name, which he subsequently assigned to the defend-ant, who furnished the purchase money. On the 10th day of April, 1872, Ballard obtained a judgment against Margaret and John Hepp for the purchase money, and afterward they quitclaimed the property in controversy to Ballard. On the 25th day of April, 1873, Ballard and plaintiff had a settle-ment, at which time Ballard exhibited his account, showing his fees charged, taxes paid and other moneys advanced on the land, amounting to $600, and in consideration of that amount conveyed the premises in controversy to plaintiff with a spe-cial warranty except as to taxes and tax titles. On the 10th day of December, 1874, a treasurer's deed for the property was executed to the defendant. It thus appears that at the time of the tax sale Ballard was the mortgagee of the prem-ises. It may be conceded that his relation to the property was such that he could not become the purchaser of it at tax sale. But the defendant stood in no such relation to the property. He had the right to buy it, either in person or through an agent. His title cannot in any manner be affected by the fact that Ballard acted as his agent for the purchase.

II. The defendant was present in person bidding at the tax sale. Ballard was also there bidding in property as the agent of the defendant. It is claimed that this fact vitiates the sale. In *Pearson v. Robinson*, 44 Iowa, 413, it was held that the mere fact that two agents were at a sale bidding for the same principal did not vitiate the sale. That case is in principle decisive of this question. The court erred in setting aside the defendant's title.

REVERSED.